United States Court of Appeals,

Eleventh Circuit.

No. 95-5080.

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, a federally recognized Indian Tribe, Plaintiff-Appellant,

v.

UNITED STATES of America, ENVIRONMENTAL PROTECTION AGENCY, Carol Browner, Administrator of the Environmental Protection Agency, John Hankinson, Jr., EPA, Regional Administrator for Region IV, Defendants-Appellees.

Feb. 10, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-0533-CIV-EBD), Edward B. Davis, Judge.

Before HATCHETT, Chief Judge, DUBINA, Circuit Judge, and COHILL[*], Senior District Judge.

HATCHETT, Chief Judge:

Appellant, Miccosukee Tribe of Indians of Florida (the Tribe), filed a complaint under the citizen suit provision of the Clean Water Act (CWA), 33 U.S.C. § 1365(a), against the United States Environmental Protection Agency (EPA), the Administrator of the EPA (the Administrator), and other agency officials. The Tribe alleged that the Administrator failed to comply with its duties under the CWA and to find Florida's water quality standards violated the antidegradation requirements of the CWA, 33 U.S.C. § 1313(d)(4)(B). The district court, finding the Administrator had no mandatory duty to act, dismissed the Tribe's complaint for lack of subject matter jurisdiction. We reverse.

BACKGROUND

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

In May 1994, the state of Florida enacted the Everglades Forever Act (EFA), Fla. Stat. Ann. § 373.4592 (West Supp.1994). Florida characterizes the EFA as a state legislative action to restore and maintain the ecosystem in the Everglades. On June 21, 1994, the Tribe notified the Administrator that EFA effectively changed Florida's water quality standards. The Tribe alleged that the Administrator failed to require Florida to comply with the CWA procedures for review and revision of water quality standards, prescribed in 40 C.F.R. § 131.20 *et seq.,* and that the EFA violated the CWA's antidegradation requirements, 33 U.S.C. § 1313(d)(4)(B).

On September 15, 1994, the Administrator informed the Florida Department of Environmental Protection of the Tribe's allegations. The Administrator's letter related that if the EFA constituted a change in state water quality standards, Florida had not submitted the revised standards to the Administrator for review, as required under 40 C.F.R. § 131.20(c). Florida responded that the EFA did not change the state's water quality standards and invited further discussions with the Administrator if she disagreed with Florida's assessment. At the time of the commencement of the Tribe's lawsuit, the Administrator had not disagreed with Florida's assessment. On April 12, 1995, the Administrator agreed with Florida's assessment that the EFA did not change the state water quality standards.

On March 16, 1995, the Tribe filed a complaint seeking injunctive and declaratory relief against the appellees. The Tribe brought the lawsuit under the CWA citizen suit provision, 33 U.S.C. § 1365(a), which provides the district court with subject matter

jurisdiction over lawsuits against the Administrator for her failure to perform any nondiscretionary act or duty under the CWA. The Tribe also invoked jurisdiction pursuant to federal question, mandamus, civil actions by Indian tribes, and declaratory judgments. The Tribe sought to compel the appellees to comply with the standards and procedures prescribed in the CWA, 33 U.S.C. § 1313(c)(2)(A), and with the procedures for review and revision of water quality standards prescribed in the Code of Federal Regulations, 40 C.F.R. § 131.20, *et seq.* Specifically, the Tribe sought to compel the appellees to treat the EFA as a change in state water quality standards, to require Florida to initiate notice and public hearings on any such change, and to find the EFA in violation of the antidegradation requirements of the CWA, 33 U.S.C. § 1313(d)(4)(B). The appellees filed a motion to dismiss the Tribe's complaint, pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and for failure to state a claim.

On July 26, 1995, the district court dismissed the Tribe's complaint for lack of subject matter jurisdiction. The district court noted that a nondiscretionary duty imposed on the Administrator is a prerequisite for federal jurisdiction under the CWA's citizen suit provision. The district court ruled that the Administrator did not have a nondiscretionary duty to treat the EFA as a change in Florida's water quality standards and propose its own regulations, or require Florida to initiate public hearings on Florida's alleged new regulations. Because the state had the initial duty of promulgating water quality standards, the district

court ruled that the Administrator merely retained a supervisory role of reviewing the state's submissions. The Administrator's review of the state water quality standards, according to the district court, is almost entirely dependent upon the state's own assessment. The district court explained that Florida did not consider the EFA as a change in state water quality standards, made no submission to the Administrator and did not trigger the Administrator's duty to evaluate the EFA.

## ISSUE

Whether the district court erred in dismissing the Tribe's complaint for lack of subject matter jurisdiction under the CWA citizen suit provision, 33 U.S.C. § 1365(a).

## CONTENTIONS

The Tribe contends that enactment of the EFA effectively changed Florida's water quality standards and that the district court should have allowed discovery before dismissing the Tribe's complaint. Whether Florida changed the water quality standards, the Tribe argues, required a detailed factual analysis of the standards under the EFA and a comparison with the standards that existed prior to the EFA. The Tribe maintains that the change in standards under the EFA triggered the CWA procedures, requiring the Administrator to review the EFA and force the state to comply with the CWA. The Tribe contends that the new standards under the EFA violate the antidegradation mandate of the CWA, 33 U.S.C. § 1313(d)(4)(B).

Appellees contend that the CWA provisions implicated here create and confer the type of discretionary duties that courts have

found unreachable under the citizen suit provision. Appellees also contend that the Administrator does not have a nondiscretionary duty to enforce the CWA against Florida; that the jurisdictional ruling in this case did not require the district court to resolve any disputed facts; that the district court properly treated appellees' motion as a facial attack on the sufficiency of the complaint; and that the district court did not have to await factual development of the record before it could determine jurisdiction.

## DISCUSSION

We review the dismissal of a complaint for lack of subject matter jurisdiction *de novo. Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians,* 999 F.2d 503, 506 (11th Cir.1993). A clearly mandated, nondiscretionary duty imposed on the Administrator is a prerequisite for federal jurisdiction under the CWA citizen suit provision. *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers,* 87 F.3d 1242, 1249 (11th Cir.1996); *Scott v. City of Hammond, Ind.,* 741 F.2d 992 (7th Cir.1984). Upon review of the record, we find that the district court erred in its determination that the Administrator had no mandatory duty to review the EFA and comply with CWA procedures, thus, precluding citizen suit jurisdiction under § 1365(a). We hold that subject matter jurisdiction in this case depended on whether the EFA changed Florida's water quality standards.

Under the CWA, 33 U.S.C. § 1313, the Administrator has a mandatory duty to review any new or revised state water quality standards. *See Natural Resources Defense Council v. United States*

*Environmental Protection Agency,* 16 F.3d 1395, 1399 (4th Cir.1993) ("EPA sits in a reviewing capacity of the state-implemented standards, with approval and rejection powers only."). The Administrator must determine whether those standards are scientifically defensible and protective of designated uses. *Natural Resources Defense Council,* 16 F.3d at 1401. If the EFA constituted a change in state water quality standards, the CWA required Florida to submit the changes to the Administrator. 33 U.S.C. § 1313(c)(2)(A). The Administrator would review the state's submission, and either approve or disapprove the new or revised standards. 33 U.S.C. § 1313(c)(3). If the new or revised standards were inconsistent with CWA requirements, the Administrator would notify the state and specify the changes to meet the CWA requirements. 33 U.S.C. § 1313(c)(3). When a state fails to adopt such changes within ninety days, the Administrator must "promptly prepare and publish proposed regulations setting forth a revised or new standard" for the state. 33 U.S.C. § 1313(c)(4). Unless the state adopts a standard consistent with the CWA within ninety days of the publication, the Administrator must promulgate the state water quality standards. 33 U.S.C. § 1313(c)(4).

After careful review, we find that the district court erred in its jurisdictional determination. The district court inappropriately relied on Florida's representations that the EFA did not change Florida's water quality standards. The district court ruled that because Florida made no submission to the Administrator, the Administrator had no duty to evaluate the EFA.

Florida's failure to submit any new or revised standards cannot circumvent the purposes of the CWA. *See Scott,* 741 F.2d at 998 ("the CWA should be liberally construed to achieve its objectives"). Even if a state fails to submit new or revised standards, a change in state water quality standards could invoke the mandatory duty imposed on the Administrator to review new or revised standards. *Scott,* 741 F.2d at 995 ("An administrator's duty to approve or promulgate some water quality standards might be "nondiscretionary' within meaning of § 1365(a)(2)").

In the absence of action by the Administrator, we conclude that the district court should have conducted its own factual findings. Because citizen suit jurisdiction depended on whether or not the EFA constituted new or revised state water quality standards, invoking a mandatory duty of the Administrator, the district court had to decide independently the effect of the EFA on existing state standards. The district court could not simply accept Florida's representations. Without determining the effect of the EFA, the district court could not decide, in this case, whether jurisdiction existed under the CWA citizen suit provision, 33 U.S.C. § 1365(a). *See Lawrence v. Dunbar,* 919 F.2d 1525 (11th Cir.1990) ("the existence of subject matter jurisdiction in fact") (citations omitted).

The district court should have treated the appellees' motion to dismiss as a factual attack rather than a facial attack on the Tribe's complaint for lack of subject matter jurisdiction. *Lawrence,* 919 F.2d at 1528-29. Factual attacks on the district court's jurisdiction challenge jurisdiction in fact, irrespective

of pleadings, allowing parties to submit matters outside the pleadings, such as testimony or affidavits. The issue of fact here would be whether the EFA changed Florida's water quality standards, invoking a mandatory duty of the Administrator, pursuant to the standards and procedures for review of new or revised state water quality standards under 33 U.S.C. § 1313 and 40 C.F.R. § 131.20, *et seq.* The Tribe contended, and we now accept, that the jurisdictional question is intertwined with the merits of the Tribe's claims. *Lawrence,* 919 F.2d at 1529-30. Given such circumstances, the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction. *Lawrence,* 919 F.2d at 1530.

## CONCLUSION

Accordingly, the existence of CWA citizen suit jurisdiction depended on whether the EFA comprised new or revised state water quality standards. Because the district court failed to make this determination, we reverse the district court's dismissal for lack of subject matter jurisdiction and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED